IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF ALBUQUERQUE,

       Plaintiff,

v.                                                No. CIV 16-99 JAP/WPL

SOTO ENTERPRISES, INC.
d/b/a/ MIRACLE DELIVERY ARMORED SERVICES,

       Defendant,

**MEMORANDUM OPINION AND ORDER
AND ORDER OF REMAND**

In PLAINTIFF'S MOTION FOR REMAND AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 20) ("Remand Motion"), Plaintiff City of Albuquerque argues that Defendant Soto Enterprises, Inc. waived its right to remove this lawsuit by filing a Rule 12(b)(6) motion to dismiss prior to the notice of removal. Defendant disagrees. *See* DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND (Doc. No. 24) ("Response"). In the REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND (Doc. No. 27), Plaintiff disputes Defendant's claim that the majority of cases support Defendant's position. This is a close question; courts have split over what conduct waives the right to remove. For the reasons discussed below, the Court finds that the filing of a 12(b)(6) motion to dismiss generally waives the right to remove. The Court, therefore, will grant Plaintiff's motion and will remand this case to state court.

       **I.    Background**

On October 30, 2015, Plaintiff City of Albuquerque filed this breach of contract and negligence lawsuit in state court against Defendant Soto Enterprises, Inc., a company it hired to secure and transport bus fares. *See* COMPLAINT (Doc. No. 1-1). On February 9, 2016, before

1

service was effected, Defendant entered its appearance in the state lawsuit and filed a motion to dismiss Plaintiff's tort claims as legally deficient under New Mexico Rule of Civil Procedure 1-12(b)(6). *See* DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFF'S COMPLAINT (Doc. No. 1-1 at 34). This motion cites exclusively to state case law. *Id.* Nevertheless, later that same day, Defendant removed the case to federal court. *See* NOTICE OF REMOVAL (Doc. No. 1). On March 1, 2016, Defendant filed an amended motion to dismiss raising the same arguments that were presented in the first motion to dismiss, but citing to Federal Rule of Civil Procedure 12(b)(6). *See* DEFENDANT'S AMENDED MOTION TO DISMISS IN PART PLAINTIFF'S COMPLAINT (Doc. No. 18). Plaintiff filed timely a motion to remand on March 8, 2016. *See* Remand Motion. Plaintiff admits that the case falls within this Court's diversity jurisdiction, but argues that Defendant waived the right to remove by filing a motion to dismiss prior to filing the notice of removal. *See generally id.*

## II.     Legal Standard

As a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed [to federal court] by the defendant." 28 U.S.C. § 1441(a). However, courts have recognized that a defendant may waive its statutory right to removal by "demonstrating a clear and unequivocal intent to remain in state court." *Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1033-34 (D.N.M. 2011). For instance, federal district courts within the Tenth Circuit have found waiver to exist where a defendant filed a third-party complaint before seeking removal, *see Knudsen v. Samuels*, 715 F. Supp. 1505 (D. Kan. 1989), and where a defendant served the plaintiff with discovery requests, filed a motion to dismiss, and scheduled a hearing on the motion to dismiss prior to removal, *see Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998).

*Knudsen* and *Chavez* are examples of the following rule-of-thumb: a defendant manifests a clear intent to remain in state court, thereby waiving the right to remove, if the defendant takes substantial offensive or defensive action in state court, for example by actively seeking a determination on the merits prior to removal. *See*, *e.g.*, *Knudsen*, 715 F. Supp. At 1506 ("[A] defendant who asserts a permissive pleading seeking affirmative relief in state court invokes and submits to the jurisdiction of the state court."); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 244 (5th Cir. 2000) (defendants waived right to remove by filing motions to dismiss and a motion for summary judgment); *Wolfe v. Wal-Mart Corp.*, 133 F. Supp. 2d 889, 893 (N.D.W. Va. 2001) (filing a motion for summary judgment in state court constitutes waiver); *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (remanding because defendant "was actively seeking a decision on the merits" prior to removal); *Mach*, 773 F. Supp. 2d at 1034 (recognizing that courts have found waiver where defendant was seeking ruling on merits of case prior to removal). Ultimately, the focus is whether the defendant's actions are "inconsistent with an intent to apply for removal." *State v. Missouri Public Service Corp.*, 25 F. Supp. 690, 691 (W.D. Mo. 1938). "[A]n act to maintain the state court status quo does not constitute waiver." *Chavez*, 15 F. Supp. 2d at 1125.

In applying these principles, courts have split over whether the mere filing of a motion to dismiss (unaccompanied by the scheduling of a hearing or some other action) constitutes a waiver. Some courts reason that filing a motion seeking a disposition, in whole or in part, on the merits demonstrates a waiver of the right to remove. *See Heafitz*, 711 F. Supp. at 96; *Wolfe*, 133 F. Supp. 2d at 893. Many of these cases cite to *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1470 (M.D. Fla. 1993) a Florida case where the court determined that the defendant manifested an intent to litigate in state court by filing a motion to dismiss. As Defendant points out,

however, the Eleventh Circuit overruled *Scholz* in 2004. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246-1247 (11th Cir. 2004). There, the Eleventh Circuit found that merely filing a motion to dismiss, without taking any other steps to secure a ruling on the motion, such as scheduling a hearing, did not evince a clear intent to invoke the state court's jurisdiction and forgo the right to remove. *Id.* at 1247. In reaching this conclusion, the Eleventh Circuit was strongly swayed by the argument that treating a motion to dismiss as a waiver would unfairly shorten the time limit for removal. As the Court explained:

> Florida requires a state court defendant to file responsive pleadings within 20 days after receipt of the complaint. Fla.R.Civ.P. 1.140(a)(1). Concurrently, a state court defendant has 30 days to seek removal of a state court action. 28 U.S.C. § 1446(b). This discrepancy in the time periods places a state court defendant in a quandary of either (1) removing the action and filing the motion to dismiss in federal court within 20 days, (2) filing a motion to dismiss in state court and then immediately seeking removal or (3) requesting an extension to file responsive pleadings in state court prior to removing. *Somoana*, 985 F. Supp. at 1478. This quandary should not be used to forestall a state court defendant who chooses to pursue the second option from swiftly seeking to remove his case to the federal court. Therefore, "the filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." *Hill*, 72 F. Supp. 2d at 1354.

*Id.* at 1246.

This reasoning, however, is inapposite here where there is no discrepancy between the removal and answer deadlines.[1] Moreover, read broadly, *Yusefzadeh* is arguably inconsistent with the weight of authority, which generally treats the filing of a permissive substantive defense as a waiver of the right to remove. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) ("[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits."); *Aqualon Co. v. Mac Equip.*, 149 F.3d 262, 264 (4th Cir. 1998) (acknowledging that filling permissive defenses may waive right to remove); *Sayre*

---

[1] Unlike Florida, New Mexico gives a defendant 30 days to answer or otherwise respond to a complaint. NMRA, Rule 1-012(A). Consequently, there is not a deadline gap that would potentially force a New Mexico defendant to forgo filing a motion to dismiss or shorten the time for removal.

*Enters. v. Allstate Ins. Co.*, 448 F. Supp. 2d 733, 735 (W.D. Va. 2006) ("a defendant seeking a final determination on the merits of the case in state court would waive the right to remove").

Despite these statements, Defendant maintains that "virtually every court that has considered the issue has found that filing a motion to dismiss in state court does not waive the right of removal." Response at 4. While some courts have reached this conclusion, *see*, *e.g.*, *Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004), Defendant overstates the strength of the case law. In actuality, many of the cases Defendant cites lend support to the general rule that filing a motion to dismiss on the merits is a waiver of the right to remove. For example, in *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015), the Eighth Circuit recognized a critical distinction between substantive and procedural dismissal motions: it held that the defendant's filing of a motion to dismiss for lack of prosecution did not clearly and unequivocally demonstrate intent to remain in state court because the motion "neither addressed the merits of [plaintiff's] complaint nor sought an adjudication on the merits." *Id.* The Fifth Circuit employed similar reasoning in *Tedford*, 327 F.3d at 428 (distinguishing motions to transfer venue from motions to dismiss). These cases suggest that the filing of a Rule 12(b)(6) motion to dismiss claims with prejudice on their merits would constitute a waiver.

The only Tenth Circuit case the parties identified or the Court could find touching on this issue is *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). In *Akin*, the plaintiff argued that a defendant waived its right to consent to a removal because it had filed a summary judgment motion that was pending in state court at the time of the removal. The Tenth Circuit rejected this argument on the basis that "a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove." *Id.* Because the defendant in *Akin* filed the

5

motion for summary judgment before it was clear the case was removable, this conduct could not be construed as a waiver. *Id.* To the extent *Akin* sheds any light on whether a motion to dismiss waives the right to remove, it slightly supports a finding that the filing of a dispositive motion waives the right to removal.

### III. Analysis[2]

Having reviewed the above case law, the Court is persuaded that filing a substantive motion to dismiss (a motion seeking dismissal on the merits) generally waives the right to remove, unless filing the motion was necessary to preserve the defendant's rights. This rule best aligns with the weight of authority. *See supra* pp. 3-5. Additionally, it provides clear guidance to litigants. Moreover, it promotes judicial economy because it prevents the potential waste of state court resources spent reviewing dispositive motions that are filed prior to a notice of removal.

Here, Defendant voluntarily invoked the state court's jurisdiction by filing a motion to dismiss Plaintiff's tort claims on the merits. Unlike in *Yusefzadeh*, New Mexico's rules did not create a situation where it was necessary to file this motion prior to the end of the removal period. Furthermore, under the facts of this case, Defendant was facing no time pressure whatsoever. As of the filing of Defendant's notice of removal, Plaintiff had not yet served Defendant and had not, therefore, triggered the deadline for filing an answer or motion to dismiss. Consequently, Defendant did not need to file a motion to dismiss in order to preserve its rights and defenses. To the contrary, Defendant could have safely delayed filing the motion to dismiss while it contemplated whether it desired to remove the case to federal court. Instead of

---

[2] In its Response, Defendant included a footnote opining that Plaintiff "may have waived its right to remand this case to state court" by engaging in discovery. Response at 24 n. 2. Flagging a potential issue in a footnote, however, is not sufficient to raise the issue for review. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1169 (10th Cir. 2002) (one-sentence argument waived because not adequately briefed); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."). It is simply not this Court's job to construct or select Defendant's arguments for it. Thus, the Court does not consider waiver as a basis for the denial of Plaintiff's Remand Motion.

doing so, Defendant filed a motion under New Mexico Rule 1-012 seeking partial dismissal of the case. It is clear that this decision was not a mere filing error. Defendant specifically cited to the appropriate state rule of civil procedure, indicating its willingness to submit the state law issue to state court. While Defendant next quickly filed a notice of removal, this does not effectively erase its earlier decision to invoke the state court's jurisdiction. Nor is the Court convinced that the short time between the filing of the motion to dismiss and the notice of removal warrant deviating from the firm rule announced above. The Court finds that a firm rule – treating substantive motions to dismiss as waivers of the right to remove –is more workable, better preserves state court resources,[3] and offers the clearest guidance to defendants contemplating a potential removal.

    IT IS THEREFORE ORDERED THAT:

1. PLAINTIFF'S MOTION FOR REMAND AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 20) is GRANTED.

2. The Court remands this case to the Second Judicial District for the State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] For example, in this case, given the short time between the filing of the motion to dismiss and the removal, it is highly unlikely that the state court wasted any time reviewing the motion prior to removal. However, this is not absolutely certain. A firm rule obviates the need for guesswork about such matters.